IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE A. RAMOS-ROMERO

Petitioner

v.

UNITED STATES OF AMERICA

Respondent

**Civil No. 08-1231 (SEC)**

**OPINION and ORDER**

Pending before the Court is Petitioner Jose A. Ramos-Romero's ("Petitioner" or "Ramos") motion for a writ of *habeas corpus* under 28 U.S.C. § 2255. Docket # 1. The United States of America ("Government") filed an opposition (Docket # 7), and Petitioner replied. Docket # 9. After considering the filings, and the applicable law, Petitioner's Section 2255 motion is **DENIED**.

**Factual and Procedural Background**

Petitioner was indicted by a Grand Jury on February 13, 2004, along with 7 other defendants. <u>See</u> Case No. 03-00055-3 (SEC), Docket # 2. He was charged on Count One and Two of the Superseding Indictment, under 18 U.S.C. § 846 and 18 U.S.C.A. § 924(c)(1) and (2). <u>Id.</u> On July 12, 2004 (Docket # 347), a jury found him guilty on both counts of aiding and abetting in the possession of firearms in furtherance of a drug trafficking conspiracy, and intentionally conspiring to distribute five or more kilograms of cocaine, and detectable amounts of cocaine, base, heroin, and marihuana. Case No. 03-00055-3 (SEC), Docket # 2.

On appeal, Ramos argued, to no avail, that the jury instructions and the special verdict form should have required the jury to make individualized findings of the amount of cocaine attributable to each defendant rather than to the conspiracy as a whole, that the Supreme Court's holdings in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), required individualized findings as to drug quantity for the purposes of sentencing;

and alleged flaws in the jury selection process. On October 13, 2006, the Appeals Court affirmed Petitioner's conviction and sentence. See USA v. Jose A. Ramos-Romero, 466 F.3d 27 (1st Cir. 2006).

On February 13, 2008, Plaintiff filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2255, and therein requested leave to proceed *in forma pauperis*. Docket # 1.[1] He seeks to strike his sentence on the following grounds: (1) that his constitutional right to counsel was violated because his counsel provided ineffective assistance; (2) that he was denied effective assistance of appellate counsel as guaranteed by the Fifth and Sixth Amendments; and (3) that he was deprived of a fair trial in violation of the Fifth Amendment, due to the prosecution's alleged failure to disclose favorable evidence.

On June 4, 2008, USA filed its opposition to Petitioner's motion, arguing that his petition is time-barred and therefore, untimely. Moreover, the Government avers that Petitioner's claims are perfunctory in nature, and procedurally barred since he did not raise them on appeal. Docket # 7. Petitioner replied. Docket # 9.

**Standard of Review**

Federal District Courts have the jurisdiction to entertain motions under section 2255 of title 28 of the United States Code when a petitioner is incarcerated by sentence of a federal court. See 28 U.S.C. §2255. Section 2255 provides four grounds on which a federal prisoner may challenge his sentence: (1) the sentence imposed is in violation of the Constitution and/or laws of the United States; (2) the court lacked the jurisdiction to impose the sentence; (3) the sentence exceeded the maximum term authorized by law; or (4) the sentence is otherwise subject to collateral review. See id. Should a court find any of these errors, it "shall vacate and

---

[1]  On May 20, 2009, this Court ordered Petitioner to file a Motion to Proceed in *Forma Pauperis* and accompanying affidavit. Docket # 12. Petitioner complied (Docket # 13), and his request was granted (Docket # 14).

**Civil Case No. 08-1231 (SEC)**

set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). With respect to petitions that are "inadequate on [their] face, or although facially adequate, [are] conclusively refuted as to the alleged facts by the files and records of the case, *summary dismissal* is appropriate." Lema v. U.S., 987 F.2d 48, 51 (1st Cir. 1993) (internal citations omitted).

**Applicable Law and Analysis**

A one-year statute of limitations was enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA) for the filing of *habeas corpus* petitions pursuant to Section 2255. See Trapp v. Spencer, 479 F.3d 53 (1st Cir. 2007). A federal prisoner shall file a petition for post-conviction relief under 28 U.S.C. § 2255 within one year from the time which the judgment of conviction becomes final. Clay v. U.S., 537 U.S. 522 (2003). In pertinent part, Section 2255 provides that a motion to vacate sentence must be filed within a year from the latest of

> (1) the date on which the judgment of conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The Supreme Court, faced with a split among the circuits, answered the question of whether the one-year statute of limitations for federal *habeas corpus* started to accrue upon the appellate court's affirmance of the conviction or upon the expiration of the time to file a *certiorari* before that Court. See Clay v. U.S., 537 U.S. 522 (2003). Reasoning that it was more consistent with the historic meaning of finality, it held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period... a judgment of conviction becomes final when

**Civil Case No. 08-1231 (SEC)**

the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Id. at 524-25.

The Government alleges that Ramos's judgment became final on January 11, 2007, upon the expiration of the 90-day period for filing a *writ of certiorari* with the U.S. Supreme Court. Docket # 7. As such, they argue that the petition filed on January 29, 2008 is untimely and Ramos's petition is time-barred. Id.

Upon reviewing the record, this Court notes that the First Circuit affirmed Petitioner's conviction and sentence on October 13, 2006. See USA v. Jose A. Ramos-Romero, 466 F.3d 27 (1st Cir. 2006). Under the U.S. Supreme Court's rules, the *certiorari* should have been filed "90 days after the entry of the Court of Appeal's judgment...." Clay, 537 U.S. at 525. That is, Petitioner had until January 11, 2008 to file a *certiorari* before the Supreme Court. Therefore, Petitioner's 2255 motion should have been filed by said date but instead was filed on January 29, 2008. As such, his petition was untimely.

Because the one year period for filing a 2255 petition is properly a statute of limitations, it is obligatory --not jurisdictional-- and, thus, subject to equitable exceptions. Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007); Bonilla v. Muebles JJ Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999). However, equitable tolling is an exception to the rule, "reserved for exceptional cases". Chico-Vélez v. Roche Products, Inc., 139 F.3d 56, 58-59 (1st Cir. 1998); see also Trapp, 479 F.3d at 59. As a result, the petitioner "bears the burden of establishing a basis for equitable tolling." Trapp, 479 F.3d at 59. Specifically, he must show that he has exercised reasonable diligence in pursuing his rights and that extraordinary circumstances prevented him or her from timely filing the petition. Trapp, 479 F.3d at 59; Lawrence, 549 U.S. 327; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Therefore, if the petitioner does not make out a case of extraordinary circumstances, equitable tolling does not proceed.  In assessing claims of equitable tolling, the Court may take several factors into consideration, such as: (1) *the petitioner's own diligence in pursuing habeas relief*; (2) *whether some extraordinary*

**Civil Case No. 08-1231 (SEC)**

*circumstances prevented the petitioner from making a timely filing*; (3) *the petitioner's diligence in the pursuit of other post-conviction remedies*; (4) any prejudice to the prosecution that would result from tolling and possible retrial; (5) the possible merits of the case;[2] and (6) whether the petitioner has been sentenced to death. Id. at 61.

Although Petitioner admits his petition was untimely filed, he argues that the delay was due to circumstances beyond his control. In support of his argument, Petitioner alleges that his counsel failed to inform him about the outcome of the appeal while he was incarcerated in state prison during 2007. According to Petitioner, he learned about the Appeals Court's decision in late 2007, after he wrote to his former counsel inquiring about the same. He further contends that he received relevant documents from his former counsel in January 2008, after which he filed the present motion. Petition also notes that, in the *interim*, he was transferred into federal custody, which contributed to the delay in obtaining the needed documents. He also points out that despite the foregoing, his petition is approximately 18 days late. Lastly, Petitioner opposes the Government's arguments that his claims are procedurally barred, and perfunctory in nature.

In the instant case, Petitioner was sentenced on April 8, 2005. Crim. No. 03-00055-SEC-3, Docket # 496. On October 13, 2006, his conviction and sentence were affirmed. USA v. Jose A. Ramos-Romero, 466 F.3d 27 (1st Cir. 2006). Despite the fact that he was convicted in 2005,

---

[2] Even though Ramos appears *pro se*, he must properly argue his claims. It is well-settled that, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." U.S. v. Jiminez, 498 F.3d 82, 88 (1st Cir. 2007) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)). Also, a convicted defendant who questions the validity of the criminal proceeding against him by way of claiming ineffective assistance of counsel must meet the two-part test established by the U.S. Supreme Court in Strickland. This requires the criminal defendant to "establish that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'a reasonable probability that, establish either that Counsel was deficient or that such deficiency prejudiced the defendant.'" Knight v. Spencer, 447 F.3d 6, 15(1st Cir. 2006) (quoting Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Strickland, 466 U.S. at 684)). In this case, Petitioner fails to show how his Counsel's alleged deficient conduct prejudiced him insofar as it would have led to a different result at trial level. Thus, even if his claims were not time-barred, his lack of argumentation on this front, his claims are deemed waived. Glacken v. Dickhaut, 585 F.3d 547, 551 (1st Cir. 2009 (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).

**Civil Case No. 08-1231 (SEC)**

Petitioner did not inquire his lawyer about the status of his case or his appeal until late 2007. Docket # 9. Although he argues that his counsel did not communicate with him, Petitioner also failed to take affirmative steps to seek information regarding his appeal, and any other available post conviction remedies. See *cf.* Lebron-Cepeda v. USA, No. 06-1171 (SEC), 2009 U.S. Dist. LEXIS 7189 (D.P.R. January 21, 2009) (finding that statute of limitation was equitably tolled because Petitioner was diligent in pursuing post-conviction remedies). Petitioner did not try to contact his former counsel until late 2007, that is, over two years from his sentencing. The record is absent of evidence pointing to any efforts to learn about his case's status or any actions aimed at pursuing post-conviction relief.

In light of the fact that equitable tolling applies only in extraordinary circumstances, and petitioner bears the burden of establishing a basis for the same, this Court finds that Petitioner was not diligent in pursuing *habeas* relief, and no extraordinary circumstances prevented the petitioner from making a timely filing.  As a result, equitable tolling is inapplicable to the case at bar.

**Conclusion**

Based on the foregoing, Petitioner's motion under Section 2255 is **DENIED**, and the instant case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of February, 2010.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge