IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE A. RAMOS-ROMERO,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

**Civil No. 08-1231 (SEC)**

**OPINION AND ORDER**

Before the Court is the petitioner's motion under Federal Rule of Civil Procedure 60(b), Docket # 37, and the respondent's opposition thereto. Docket # 42. After reviewing the filings and the applicable law, this motion is **DENIED**.

**Factual and Procedural Background**

In July 2004, a jury convicted the petitioner of "one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 . . . [and another count of ] distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(2)." United States v. Gonzalez-Velez, 466 F.3d 27, 31 (1st Cir. 2006). Though he appealed, the First Circuit affirmed his conviction and sentence. Id. at 41.

Then, on February 21, 2008, the petitioner sought habeas relief under 28 U.S.C. § 2255, claiming, among other violations, ineffective assistance of counsel. See Ramos-Romero v. United States, No. 08-1231, 2010 WL 568697 (D.P.R. Feb. 10, 2010). And on February 10, 2010, his § 2255 petition was denied as untimely. Id. "In light of the fact that equitable tolling applies only in extraordinary circumstances, and [the] petitioner bears the burden of establishing a basis for the same," the opinion stated," [the] [p]etitioner was not diligent in pursuing habeas relief, and no extraordinary circumstances prevented the petitioner from making a timely filing." 2010 WL 568697, at *4; see also id. (refusing to apply equitable tolling).

**CIVIL NO. 08-1231 (SEC)**                                                                                    **Page 2**

He appealed. But the First Circuit affirmed on almost identical grounds. Ramos-Romero v. United States, No. 10-1457, slip op. at 1 (1st Cir. July 22, 2010) (unpublished but available at Docket # 35); see also id. (holding that "[t]he petitioner has also failed to make any of the showings which would be required to equitably toll" the statute-of-limitations bar).

Undaunted, on April 2, 2013, the petitioner filed the instant motion for relief from the judgment denying habeas corpus relief, pursuant to Federal Rule of Civil Procedure 60(b)(4) & (6). Docket # 37. He makes a two-fold foray on "the integrity of the Section 2225 proceeding . . . ." Id., p. 4. In a nutshell, he maintains that this court's "previous ruling on the one-year statute of limitations was in error," and that the "court failed to make any ruling on his equitable tolling claims that were properly presented." Id. He relies on two Supreme Court cases that postdate his habeas petition: Holland v. Florida, 560 U.S. 631, 645 (2010), in which the Supreme Court held that equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations period was allowed in some circumstances; and Maples v. Thomas, 132 S.Ct. 912, 917 (2012), in which the Court held that a petitioner's abandonment by post-conviction counsel constitutes an extraordinary circumstance that can excuse a procedural default in state court, so long as counsel caused the default by abandoning the petitioner without notice. See Docket # 37, pp.13-19 (discussing these cases). The petitioner also requests an evidentiary hearing. Id.

The respondent opposed, arguing that the petitioner falls miles short of meeting Rule 60(b)'s stringent standard. See generally Docket # 42.

**Standard of Review**

Federal Rule of Civil Procedure 60(b) provides six roads to relief from a final judgment. Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013) (citing Fed. R. Civ. P. 60(b)(1)-(6)).[1] "[R]elief under Rule 60(b) is extraordinary in nature and motions invoking that

---

[1] These are:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been

**CIVIL NO. 08-1231 (SEC)** Page 3

rule should be granted sparingly." Id. at 37 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).The movant must at least show "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak, 288 F.3d at 19. Put another way, the inquiry under this rule focuses on "balanc[ing] the importance of finality against the desirability of resolving disputes on the merits." Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003). And the aim of the analysis is to determine where the equities of the situation lie. See George P. Reintjes Co., Inc. v. Riley Stoker Corp., 71 F.3d 44, 49 (1st Cir.1995).

Most relevant to this case, Rule 60(b)(6), the "catch-all provision," authorizes relief from a judgment for "any other reason that justifies relief." Ungar v. Palestine Liberation Org., 599 F.3d 79, 85 (1st Cir. 2010) (quoting Fed. R. Civ. P. 60(b)(6)).[2] Under clause (6), the movant must "show that there are 'exceptional circumstances justifying extraordinary relief.'" Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 38 (1st Cir. 2006) (quoting Ahmed v.

---

discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

[2] In his motion, the petitioner also mentions clause (4) but offers no argumentation applying that ground. The Court accordingly treats any such argument as waived. See Nansamba, 727 F.3d at 38 n. 4 (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)). In any event, the judgment in this case is clearly not void: It does not fall under the "only two sets of circumstances in which a judgment is void (as opposed to voidable). . . ." O'Callaghan v. Shirazi, 204 F. App'x 35, 37 (1st Cir. 2006) (per curiam) (unpublished).

**CIVIL NO. 08-1231 (SEC)**                                                                                              Page 4

Rosenblatt, 118 F.3d 886, 891 (1st Cir.1997)). "Such circumstances," the Supreme Court has said, "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Still, "Rule 60(b) has an unquestionably valid role to play in habeas cases." Id. at 534.

**Applicable Law and Analysis**

A jurisdictional matter warrants discussion at the outset. Before prosecuting a second or successive habeas petition in the district court, AEDPA requires that prisoners obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255); see, e.g., Raineri v. United States, 233 F.3d 96, 99 (1st Cir. 2000). District courts lack "jurisdiction to consider a second or successive petition without . . . [the First Circuit's] authorization." Gautier v. Wall, 620 F.3d 58, 61 (1st Cir.2010) (citation omitted).

Here, the petitioner's purported Rule 60(b) motion is in fact an unauthorized second or successive habeas petition. See Muñoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (per curiam). So this court is "without jurisdiction to entertain it." Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam).

It is true, as the petitioner says, see Docket # 37, pp. 3-4, that a Rule 60(b) motion that challenges only a district court's prior ruling that a habeas petition was time barred (such as his), "is not the equivalent of a successive habeas petition." Gonzalez, 545 U.S. at 535-536; see Rodwell v. Pepe, 324 F.3d 66, 71 (1st Cir. 2003) ("if the factual predicate of the motion challenges only the procurement of the federal habeas judgment, it may be adjudicated under Rule 60(b)." (emphasis added)). But it is equally true that where, as here, a Rule 60(b) motion argues that "a subsequent change in substantive law is a 'reason justifying relief from the previous denial of a claim,'" Gonzalez, 545 U.S. at 531 (quoting Fed. R. Civ. R. 60(b)(6)), it should be treated as a successive habeas motion, see United States v. Washington, 653 F.3d

**CIVIL NO. 08-1231 (SEC)**                                                                 Page 5

1057, 1063 (9th Cir. 2011).³ And the petitioner's Rule 60(b) hinges entirely on what he perceives as an intervening change in the law. He expressly invokes the Supreme Court's decisions in Maples and Holland, see Docket # 37, p. 19, both of which were decided after the denial of his original habeas corpus petition. But "[u]nder Gonzalez, such a claim cannot be made in a true Rule 60(b) motion." United States v. Miller, No. 13-6252, 2014 WL 1364000, at *2 (10th Cir. Apr. 8, 2014) (unpublished) (citing 545 U.S. at 531).

In all events, even if the petitioner's motion were a bona fide Rule 60(b) motion, it still misses the mark. He argues that Holland and particularly Maples, as applied to his case, constitute extraordinary circumstances (which prevented a timely filing of his § 2255 motion) warranting relief from judgment under Rule 60(b)(6). See Docket # 37, p. 1. Not so.

As said, relief under this provision is an "extraordinary remedy" that should be granted only in "exceptional circumstances." Gonzalez, 545 U.S. at 535; see, e.g., Ramos-Martínez v. United States, 638 F.3d 315, 321 (1st Cir. 2011). And unfortunately for the petitioner, Gonzalez itself teaches that "a change in law showing that a previous judgment may have been incorrect is not an 'extraordinary circumstance' justifying relief under Rule 60(b)(6)." Nash v. Hepp, 740 F.3d 1075, 1078 (7th Cir. 2014) (quoting Gonzalez, 545 U.S. at 536); accord Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014); Diaz v. Stephens, 731 F.3d 370, 375 (5th Cir.), cert. denied, 134 S. Ct. 48 (2013). So even assuming (without deciding) that (1) Maples applies retroactively to § 2255 petitions barred by AEDPA's limitations period; (2) Maples in fact changed the decisional law on equitable tolling; and (3) that the original judgment was incorrect — the upshot is that any decisional law affected by Maples and Holland is no "extraordinary

---

³See also Hill v. Rios, 722 F.3d 937, 938 (7th Cir. 2013) (Easterbrook, C.J.) (noting that Gonzalez "holds that Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect"). Moreover, "an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez, 545 U.S. at 532 n. 5 (internal citations omitted).

**CIVIL NO. 08-1231 (SEC)** Page 6

circumstance" sufficient to invoke Rule 60(b)(6). Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1261 (11th Cir. 2013) (interpreting Gonzalez "to mean that the change of law in Holland was not an extraordinary circumstance"); see Hill, 722 F.3d at 938 ("[L]egal developments after a judgment becomes final do not qualify as extraordinary.").

Worse, "the petitioner makes a poor showing of equitable factors necessary to reopen his judgment . . . ." Diaz, 731 F.3d at 378.[4] Quite the opposite: This case is a far cry from Maples, a death penalty case, in which counsel literally abandoned the petitioner without warning. See 132 S. Ct. at 929 (Alito, J., concurring) (remarking that "[w]hat occurred . . . [in Maples] was . . . a veritable perfect storm of misfortune, a most unlikely combination of events that, without notice, effectively deprived petitioner of legal representation"). Here, in contrast (and by the petitioner's own admission, see Docket # 37-3, ¶ 7), his direct-appeal counsel informed him of the denial of his appeal in September 2007 — at least four months before "the time expire[d] for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The alleged two-month delay by his counsel in returning his trial transcript — to be sure, a byproduct of the petitioner's own lackadaisical approach to this case, see Ramos-Romero, 2010 WL 568697, at *3-4 (finding that petitioner "failed to take affirmative steps to seek information regarding his appeal, and any other available post conviction remedies") — does not alter this conclusion.

Under these circumstances, the petitioner cannot shoulder the "substantial burden to establish an exception to the statutory rule by showing that he exercised reasonable diligence

---

[4] See also, e.g., Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) ("Success under . . . [Rule 60(b)] requires more than merely casting doubt on the correctness of the underlying judgment."); Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 20 (1st Cir. 1992) ("Although we appear never to have said so unreservedly, it is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." (collecting caselaw on this point)).

**CIVIL NO. 08-1231 (SEC)**                                                                                              **Page 7**

in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." Dominguez v. Duval, 527 F. App'x 38, 39-40 (1st Cir. 2013) (Souter, J.) (unpublished); cf. Nash, 740 F.3d at 1079. The Court also rejects petitioner's request for an evidentiary hearing as patently without merit. See 28 U.S.C. § 2255 (providing that district courts must grant an evidentiary hearing "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief").[5]

There is one loose end to tie up. Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant." To obtain a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). For the foregoing reasons, the denial of the petitioner's Rule 60(b) motion is neither wrong nor debatable. The petitioner's COA is therefore **DENIED**.

**Conclusion**

For the reasons stated, the petitioner's motion is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of June, 2014.

                              s/ *Salvador E. Casellas*
                              SALVADOR E. CASELLAS
                              U.S. Senior District Judge

---

[5] Even if his Rule 60(b) motion were construed under clause (1), see Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002) (reiterating that Rule 60(b)(6) cannot be used to obtain relief on ground that comes within Rule 60(b)(1)), any such request on reason (1) would be tardy, as correctly argued by the respondent. See Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). His motion, the respondent correctly points out, see Docket # 42, p. 6, was filed more than a year and over two years since Maples and Holland were decided.